IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARIC KNIGHT                                                                                         PLAINTIFF

v.                                   CIVIL NO. 25-1029

FRANK BISIGNANO,[1] Commissioner
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Aric Knight, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

    Plaintiff protectively filed his current application for DIB on December 29, 2021, alleging an inability to work since December 1, 2021, due numbness and loss of strength in both upper extremities, carpal tunnel syndrome, cervicalgia, degenerative disc disease of the spine, chronic back pain, heart disease, hypertension, sleep apnea, diabetes, hearing loss and undiagnosed anxiety. (Tr. 193, 296). An administrative telephonic hearing was held on February 15, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 155-182).

---

[1] Frank Bisignano, has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated April 2, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 132-133). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar degenerative disc disease with radiculopathy and spondylosis, bilateral sacroiliac joint dysfunctions status-post bilateral fusion surgeries, cervical degenerative disc disease with cervicalgia, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 134). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except he could never climb ladders, ropes, or scaffolds and occasionally climb ramps or stairs; She (sic) could occasionally stoop and crouch. He should avoid hazards such as dangerous machinery, moving mechanical parts, and unprotected heights. He could not perform work that requires excellent bilateral hearing.

(Tr. 135). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker, a router and a silver wrapper. (Tr. 148).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on March 5, 2025. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ's finding that Plaintiff did not meet Listing 1.15, 1.17, 1.18 is not supported by substantial evidence;[2] and 2) The ALJ's RFC assessment does not accurately reflect Plaintiff's impairments and limitations. (ECF No. 12). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 14).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating his impairments under Listings 1.15, 1.17 and 1.18. (ECF No. 12, p. 3). Plaintiff has the burden of demonstrating his impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period.

---

[2] Plaintiff argued he also met Listing 1.16 in his appeal brief. (ECF 12, pp. 4-5). The Court notes the ALJ stated that she considered the criteria of Section, 1.00, in general and specifically addressed Sections 1.15, 1.17, and 1.18. (Tr. 134).

With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating physicians and examining and non-examining agency medical consultants, Plaintiff's subjective complaints, witness statements, and his medical records when she determined Plaintiff could perform light work with limitations during the time period in question. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. The ALJ also took Plaintiff's obesity into account when determining his RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 16th day of October 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE